THOMASTON SAVINGS BANK

*vs.*

FRANCES E. HURLEY, LUCY C. FARNSWORTH, LENA R. LEACH AND EUGENE M. O'NEIL.

Knox.    Opinion March 22, 1918.

*Mortgages. Rights of mortgagee where property mortgaged has been legally parti-
tioned.    To what part of the property partitioned shall mortgage attach.    Rule
where part of the property covered by mortgage has been conveyed to persons
having no knowledge of the mortgage.    Where that part remaining is
not sufficient to meet the mortgage indebtedness, what are the
rights of the mortgagee.    General rule of practice where
equitable defense is made or offered under
R. S., Chap. 87, Sec. 17-18.*

Real action to foreclose a mortgage on an undivided interest in inherited property. Subsequent to the date of the mortgage the mortgagor, Mrs. Dinsmore, conveyed her equity of redemption to a co-owner, Mrs. Hurley, and the entire estate was afterwards divided by partition proceedings among the then owners. After partition was made Mrs. Hurley conveyed two lots by warranty deed which have come by mesne conveyances to two of these defendants.

*Held:*

1.   That under the pleadings and the admitted facts the subject matter of the controversy should be governed by the rules of equity rather than those of law, as provided in R. S., Chap. 87, Secs. 17 and 18, and as the case is before the Law Court on report it can be so treated.

2.   At the time the mortgage was given it covered the one-fifth undivided interest of the mortgagor in the entire property.

·3.   The effect of the partition, under R. S., Chap. 93, Sec. 28, was to attach the mortgage to the part assigned to the mortgagor or to the grantee.   The several interest took the place of the undivided interest.

4.   As the mortgagor had sold her undivided interest to Mrs. Hurley subject to the mortgage, as Mrs. Hurley had also purchased two other undivided interests so that at the time of partition she owned eight-fifteenths of the entire property, and as these were all grouped and treated as one interest in the partition, the mortgage after partition attached to three out of the eight-fifteenths assigned to Mrs. Hurley, or to three-eighths of her assigned portion.

5.   The two lots conveyed by Mrs. Hurley after the partition should not be held subject to the mortgage unless the remaining interest in the hands of Mrs. Hurley should prove insufficient to meet the mortgage debt.   The portion retained by a mortgagor in such a case stands primarily liable in equity for the payment of the whole debt, while that which had been sold by the mortgagor is chargeable only for any deficiency after the other had been applied.

6.   Whether the remaining portion is ample can be determined by the sitting Justice who will have the power and duty of working out the rights of the parties in accordance with the equitable rules laid down in the opinion.

Real action to foreclose mortgage held by plaintiff bank.   The defendants each filed plea of general issue and also brief statement claiming equitable defense under R. S., Chap. 87, Secs. 17, 18.   At close of evidence, case was reported to Law Court upon certain agreed stipulations.   Judgment in accordance with opinion.

Case stated in opinion.

*Joseph E. Moore, and Rodney I. Thompson,* for plaintiff.

*A. S. Littlefield,* for Frances E. Hurley, Lena R. Leach and Eugene M. O'Neil.

*Charles T. Smalley,* for Lucy C. Farnsworth.

SITTING:   CORNISH, C. J., BIRD, HANSON, PHILBROOK, JJ.

CORNISH, C. J.   This is a real action brought for the purpose of foreclosing a mortgage given by Mary K. Dinsmore to the plaintiff for the sum of $6,000. on June 26, 1890.

The history of the transaction is briefly this.   Samuel Pillsbury died intestate in Rockland, sometime prior to 1890.   He left a large amount of real estate as described in the writ, which passed to his heirs at law in undivided interests.   Mary K. Dinsmore was a

daughter and inherited one-fifth, not one-fourth as the writ alleges. Frances E. Hurley was another daughter and also inherited one-fifth. At some time prior to 1893 Mrs. Hurley purchased from her sister, Mary K. Dinsmore, the latter's interest subject to the bank mortgage, and also a one-fifteenth interest each from two other heirs, Grace E. Green and Fannie E. McDemmon. This made her entire holdings eight undivided fifteenths. The remaining seven-fifteenths were held by other heirs, viz: Helen L. Kenney, three-fifteenths, Wm. H. Clark Pillsbury three-fifteenths and Maud L. Noera or Maud L. Anderson one-fifteenth.

On November 18, 1893, the entire estate was partitioned among the several owners by the Supreme Judicial Court. The Pillsbury block, which is the twelfth item in the writ, was set off to Helen L. Kenney and Wm. H. Clark Pillsbury, who together held six-fifteenths. The house and lot at the corner of Union and Summer Streets, together with a store house and lot and a shore privilege and wharf on Sea Street, being items 2, 9 and 10 in the writ, were set off to Maud L. Anderson as her one-fifteenth. All the rest of the property was set off to Mrs. Hurley, who at that time was the owner of the other eight-fifteenths as has already been explained.

The plaintiff's mortgage covered only the one-fifth undivided interest of Mrs. Dinsmore. Had she retained her title at the time of the partition the rights of the parties could be easily ascertained because the legal effect of a partition upon an undivided interest subject to mortgage is governed by R. S., Chap. 93, Sec. 28, which provides: "A person having a mortgage, attachment or other lien on the share in common of a part owner, shall be concluded by the judgment so far as it respects the partition, but his mortgage or lien remains in force on the part assigned or left to such part owner " In other words, the mortgage on the undivided interest follows after and attaches itself automatically to the several interest of the mortgagor after partition is made. The several interest takes the place of the undivided interest. ·

But Mrs. Dinsmore, the mortgagor here, had sold her undivided interest, subject to the mortgage, to Mrs. Hurley, a co-owner, after the mortgage was given and before partition, and in the partition the Dinsmore interest, three-fifteenths, was combined with the inherited interest of Mrs. Hurley, three-fifteenths, as well as with the two one-fifteenth interests which Mrs. Hurley had purchased from Green and

McDemmon, and the entire eight-fifteenths held by Mrs. Hurley were satisfied by the property assigned to her, no discrimination being made between the Dinsmore interest, the Green and McDemmon interest and the original Hurley interest. They were all grouped together and treated as one interest. It is clear that the portion set off to Helen L. Kenney, Wm. H. Clark Pillsbury and Maud L. Anderson became entirely free from the bank mortgage. That could be enforced only against the portion set off to Mrs Dinsmore or to her grantee Mrs. Hurley, and as no specific portion was assigned to satisfy the Dinsmore interest, in reality the mortgage attached to three undivided fifteenths out of the eight undivided fifteenths set off to Mrs. Hurley, or to three undivided eighths of her assigned portion.

But another complication arises here. It appears that on August 4, 1896, nearly three years after the partition, Mrs. Hurley conveyed to Patia M. Bird by metes and bounds, and under a warranty deed describing the premises as free from all incumbrances, a portion of the lot on the south side of Summer Street, being a part of item 4 in the writ and a part of the premises assigned to her under the partition. Immediately after the purchase said Bird built a house upon the lot expending a large sum of money in its construction, having no actual knowledge of the existence of this bank mortgage and believing that her title was perfect. On November 3, 1914, said Bird conveyed this lot with its buildings to the defendant Lena R. Leach, also by warranty deed.

It further appears that on June 26, 1903, Mrs. Hurley conveyed to Adelaide S. Osgood by warranty deed free of all incumbrances, another definite portion, by metes and bounds, of the lot on the south side of Summer Street, also being a part of item 4 in the writ and a part of the premises assigned to her under the partition. On this lot Adelaide S. Osgood at once constructed a house, at large expense, in the full belief that her title to said premises was perfect. This Osgood property has come by mesne conveyances to the defendant, Eugene M. O'Neill.

It should be further stated that Mrs. Hurley, after acquiring her interests in the property and after partition made, gave sundry mortgages of the same in favor of James R. Farnsworth as security for loans, the first being dated July 26, 1894, and the last November 1, 1900. Lucy C. Farnsworth as administratrix of the estate of James R.,

was made a party defendant in this action, and in her pleadings claims that these mortgages covered the several parcels of land described in the writ except items 9 and 10 which had been set off to Maud L. Anderson, and item 12, the Pillsbury block which had been set off to Helen L. Kenney and Wm. H. Clark Pillsbury. A bill in equity to redeem from these mortgages was brought by Mrs. Hurley and was pending when the action at law by the plaintiff bank was begun.

On March 4, 1916, the plaintiff bank, as mortgagee from Mrs. Dinsmore under the original mortgage of June 26, 1890, brought this writ of entry, making Mrs Hurley, Lena R. Leach, Eugene M. O'Neill and Lucy C. Farnsworth parties defendant. The defendants, by way of brief statement, set up all the foregoing facts claiming an equitable defense under R. S., Chap. 87, Secs. 17 and 18, and that the rights of the parties should be determined and enforced by a decree in equity rather than by a judgment at law. This claim is well made. Under the pleadings and the admitted facts we are of opinion that the subject matter of the controversy should be governed by the rules of equity rather than of law, and as the case is before the Law Court on report it is within our power to so treat it. *Hussey* v. *Fisher*, 94 Maine, 301; *Hurd* v. *Chase*, 100 Maine, 561; *Poland* v. *Loud*, 113 Maine, 260.

The main question to be decided is the portion of the land to which the bank mortgage attaches. The writ claims an undivided interest in all the lots that belonged to the intestate Pillsbury at the time of his death. But it is obvious that after the partition the mortgage covered only three undivided eighths of the portion set off to Mrs. Hurley into which the Dinsmore interest had been merged. Nor in equity should the lots which Mrs. Hurley had sold, after the partition, to Leach and Osgood be held unless the remaining interest of the mortgagor in the hands of Mrs. Hurley should prove insufficient in value to meet the mortgage debt. This is in compliance with an equitable doctrine established by the great preponderance of authority. The portion retained by a mortgagor stands primarily liable in equity for the payment of the whole debt, while that which has been sold by the mortgagor is chargeable only for any deficiency after the other has been applied. *Gill* v. *Lyon*, 1 John Ch., 447; *Clowes* v. *Dickinson*, 4 John Ch., 235; *Brown* v. *Simons*, 44 N. H., 475; *Sheperd* v. *Adams*, 32 Maine, 63; *Wallace* v. *Stevens*, 64 Maine, 225; *Cole* v.

*Fickett*, 95 Maine, 265. The lot therefore held by the defendant Leach, and the lot held by the defendant O'Neil, upon both of which lots valuable improvements have been made since their purchase from Mrs. Hurley, are not to be made subject to this mortgage unless the remainder of the mortgaged interest still in the hands of Mrs. Hurley is inadequate in value to pay the mortgage debt. The defendants claim in their answers that the remaining portion is ample. Whether or not this is the fact can be determined by the sitting Justice, who will have the power and the duty of working out the rights of the parties in accordance with the equitable rules laid down in this opinion. The cause will be retained, as though it were a bill in equity, for that purpose, and all proper decrees to protect the rights of all parties can be made by the sitting Justice.

Lucy C. Farnsworth, as administratrix of the estate of James R. Farnsworth, the holder of several junior mortgages given by Mrs. Hurley, was made a party defendant in this real action. We do not think she was a necessary party. However it was alleged in the pleadings of Mrs. Hurley that a bill in equity had been brought by her against Mrs. Farnsworth to redeem from said Farnsworth mortgages, the controversy being over the amount due, Mrs. Farnsworth claiming several thousand dollars, and Mrs. Hurley contending for an existing balance of less than one thousand dollars. Mrs Hurley further stated in her pleadings that if her contention in the equity suit against Mrs. Farnsworth were sustained by the court she would redeem from this mortgage held by the Thomaston Savings Bank.

The contention of Mrs. Hurley has been recently sustained, the Law Court finding that the balance due Mrs. Farnsworth was only nine hundred and ten dollars, *Hurley, in Equity,* v. *Farnsworth,* 117 Maine: 102 At., 563. The opportunity is therefore now offered Mrs. Hurley to redeem from the mortgage on which the present suit was brought.

Case remanded to nisi prius, to be finally heard and determined by the sitting Justice in accordance with the rules here laid down.

*So ordered.*